IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES V. UPSHUR-BEY, #05824-007 *

Petitioner, *

v * Civil Action No. GLR-17-0144

TIMOTHY S. STEWART, *

Respondent. *
\*\*\*\*\*

## MEMORANDUM OPINION

THIS MATTER is before the Court on Respondent Warden Timothy S. Stewart's Motion to Dismiss for Lack of Jurisdiction or, Alternatively, for Failure to State a Claim upon which Relief can be Granted (ECF No. 10). This action arises from Petitioner Charles V. Upshur-Bey's Petition under 28 U.S.C. § 2241 (2018) (ECF No. 1). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will grant Stewart's Motion, deny the Petition, and decline to issue a Certificate of Appealability.

### I. BACKGROUND

Upshur-Bey, who is confined at the Federal Correctional Institution in Cumberland, Maryland (FCI-Cumberand), appears to assert that he is held on a detainer and is being "unlawfully detained and restrained of his personal liberty on null and void judgments and commitment orders." (Pet. at 2, ECF No. 1).[1] Upshur-Bey contends he is being held on three

---

[1] Page citation in this Memorandum Opinion reflects that assigned by the Court's electronic docket.

void judgments and commitment orders issued by the Superior Court of the District of Columbia.[2] He argues that the consecutive convictions and sentences are illegal and void as "the statutory authority in each of the matters was repealed" by congressional enactment of the National Capital Revitalization and Self Government Improvement Act of 1997. (Id., at 4–6). He further contends that his convictions have been rendered unconstitutional under Johnson v. United States, 135 S.Ct. 2551 (2015). Upshur-Bey seeks immediate release from confinement.

The Petition was received for filing on January 17, 2017, almost twenty-four years after the entry of Upshur-Bey's convictions in the Superior Court for the District of Columbia. The Petition has been briefed. Respondent filed a Motion to Dismiss, arguing that the Court is without jurisdiction to consider the Petition and that the Petition fails on the merits. (ECF No. 10). Upshur-Bey then filed an Opposition and Respondent filed a Reply. (ECF Nos. 13, 14). Upshur-Bey has additionally filed a Motion for Leave to File for Clarification. (ECF No. 15).

## II. DISCUSSION

Respondent maintains that in 1990, Upshur-Bey engaged in a violent crime spree when, over the course of two days, he robbed multiple people, shot three of them, and killed a taxi driver. See Upshur-Bey v. Sepanek, 2017 WL 708715, at *1 (E.D.Ky. Feb. 22, 2017). He was convicted of armed robbery, assault with a deadly weapon, robbery, second-degree

---

[2] The Grand Jury charges in the three cases are furnished by Upshur-Bey as exhibits.

murder, and other charges in the Superior Court for the District of Columbia. See Upshur v. U.S. Parole Commission, 2011 WL 4345866, *1 (E.D. Ky. Sept. 15, 2011). Upshur-Bey received a total sentence of 32 years and four months.

Respondent observes that this is not the first time Upshur-Bey has raised his claim that the convictions are null and void due to the repeal of the District of Columbia laws criminalizing the conduct. Respondent contends that the ground was raised in an "Amended Petition" filed in the District Court for the Eastern District of Kentucky, where Upshur-Bey was previously serving his District of Columbia sentence until he was transferred to the FCI-Cumberland. That Court rejected the claim, noting that Upshur-Bey had "himself contradicted the claim in a previous motion, where he noted that those statutes have merely been recodified." See Upshur-Bey v. Sepanek, 2017 WL 708715, at *5.

Respondent argues that the Court is without jurisdiction over the Petition. He maintains that as Upshur-Bey was convicted and sentenced in the Superior Court of the District of Columbia, he is subject to the provisions of D. C. Code § 23-110(g).

At bottom, the Court concludes that Upshur-Bey may not attack his 1990 Superior Court for the District of Columbia convictions in this Court.

A prisoner under a sentence imposed by D.C. Superior Court may collaterally challenge the constitutionality of his conviction by moving in that court to vacate his sentence. See Garris v. Lindsay, 794 F.2d 722, 725 (D.C. Cir. 1986). Challenges to a D.C.

---

(ECF No. 1-1).

Superior Court judgment of conviction must be pursued under D.C. Code § 23–110. Blair–Bey v. Quick, 151 F.3d 1036, 1042–43 (D.C. Cir. 1998). D.C. Code § 23–110 provides that:

> A prisoner convicted and sentenced in Superior Court may move to vacate, set aside, or correct his sentence upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack.

D.C. Code § 23–110(a). Moreover, D.C. Code § 23–110(g) provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained . . . by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention.

This provision "vest[s] the Superior Court with exclusive jurisdiction over most collateral challenges by prisoners sentenced in that Court." Williams v. Martinez, 586 F.3d 995, 1000 (D.C. Cir. 2009); see also Swain v. Pressley, 430 U.S. 372, 377–78 (1977) (finding parallel between changes introduced to federal habeas process by 28 U.S.C. § 2255 and new post-conviction procedure envisaged by Congress when it implemented § 23–110).

As a result, "the District Court lacks jurisdiction to entertain a habeas corpus petition attacking the constitutional validity of a Superior Court sentence even after the local remedy, if adequate and effective, has been pursued unsuccessfully." Garris v. Lindsay, 794 F.2d 722, 726 (D.C. Cir. 1986) (citing Swain, 430 U.S. at 377–78). Thus, it is settled law that a

District of Columbia prisoner "may not petition for a writ of habeas corpus unless . . . it appears that the remedy is inadequate or ineffective to test the legality of his detention." Reed v. Thomas, ___ F.Supp.3d ___, 2018 WL 910721, * 2 (D.D.C. Feb. 15, 2018). Section 23-110 has been found inadequate only as to one type of claim, ineffective assistance of appellate counsel, because § 23-110(g) does not provide a means to make such a claim. See Williams, 586 F.3d at 998, 1000–01. Because the remedy under D.C. Code § 23-110 is available to test the legality of Upshur-Bey's claim, this Court lacks jurisdiction to examine the Petition.

Alternatively, Upshur-Bey's challenge to the District of Columbia criminal statutes, under which he was convicted, is without merit. Upshur-Bey claims that the statutes were rendered "null and void" in light of the congressional enactment of the National Capital Revitalization and Self-Government Improvement Act, Pub.L. No. 105–33, § 11231(a)(1), 111 Stat. 712, 745, D.C.Code § 24–1231(a)("Revitalization Act.").[3] This is incorrect.

---

[3] The Revitalization Act was enacted on August 5, 1997, with provisions to reform the criminal justice system in Washington, D.C. Under the legislation, adult felon prisoners were put under custody of the U. S. Bureau of Prisons, and the Lorton Reformatory in Lorton, Virginia was required to close by December 31, 2001. Offenders serving short sentences for misdemeanors were to serve time at either the Central Detention Facility or the Correctional Treatment Facility, both run by the District of Columbia Department of Corrections. The Revitalization Act also transferred authority regarding parole to the United States Parole Commission. Further, the Court Services and Offender Supervision Agency was established to oversee probationers and parolees and to provide pretrial services. These services were previously handled by the Superior Court for the District of Columbia and the District of Columbia Pre-Trial Services Agency. See https://www.congress.gov/bill/105thcongress/house-bill/1963.

The Revitalization Act did not repeal the crimes of which Upshur-Bey was convicted. Rather, the Act recodified the applicable statutes and did not render them a nullity. Indeed, as observed by Respondent, the criminal statutory provisions for second-degree murder, robbery, and the other crimes for which Upshur-Bey was convicted in 1990 remain on the books in the District of Columbia, although they are recodified in differently numbered provisions.

Finally, Upshur-Bey's assertion that his criminal convictions have been rendered unconstitutional under the Supreme Court decision in Johnson[4] is without merit.[5] The Court observes that Upshur-Bey previously raised this claim in a prior § 2241 Petition filed in the Eastern District of Kentucky. That court found the claim to be without merit. U.S. District Judge Amul R. Thapar found that

> [Upshur-Bey's] Johnson claim still would not entitle him to relief. He was convicted under D.C. criminal laws, not the ACCA; Johnson pertains to the ACCA, not D.C. criminal laws; Johnson therefore does not apply here. Although Upshur-Bey asserts that the relevant portions of D.C.'s laws are "identical" to the ACCA's unconstitutional clause , R. 12 at1, he cites to no opinion from the D.C. courts—or any others—striking those portions down under Johnson . . .

Upshur-Bey, 2017 WL 708715, at *5.

---

[4] Johnson v. United States, 135 S.Ct. 2551 (2015), struck down the residual clause of the Armed Career Criminal Act, finding that it violated the constitutional guarantee of due process.

[5] Upshur-Bey states that he did not abandon this claim and seeks to clarify what claims he wishes to proceed on. (ECF No. 15). Insofar as he wishes to have this claim addressed herein, his Motion for Leave to File for Clarification, construed as a motion to clarify the

Upshur-Bey maintains that "the law that created the [criminal] offenses was declared unconstitutional [under Johnson] due to the indeterminate statutory penalties and offenses that carried unfair risk factors of increasing sentences, that failed to provide notice required by due process." (Compl. at 5). Upshur-Bey was convicted under District of Columbia law, not the Armed Career Criminal Act. He cites to no case law in the District of Columbia courts that struck down all or portions of the criminal code provisions under which he was convicted for violating due process under Johnson. Thus, this argument is without merit. The Court, therefore, will deny and dismiss the Petition with prejudice.

Finally, a Certificate of Appealability is not warranted. Such certificates may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2018). Upshur-Bey "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Dennard v. Drake, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); see also Buck v. Davis, ___U.S. ___, 137 S. Ct. 759, 773–74 (2017).

Because this Court concludes that there has been no substantial showing of the denial of a constitutional right, a Certificate of Appealability will not issue. See 28 U.S.C.

---

issues for review, shall be granted.

§ 2253(c)(2). Denial of a Certificate of Appealability in the district court does not preclude Upshur-Bey from requesting a Certificate of Appealability from the appellate court.

### III. CONCLUSION

For the foregoing reasons, Stewart's Motion to Dismiss for Lack of Jurisdiction or, Alternatively, for Failure to State a Claim upon which Relief can be Granted (ECF No. 10) will be granted. A separate Order follows.

Entered this 30th day of March, 2018. /s/
George L. Russell, III
United States District Judge